SUMMERS, Justice.
Defendant Harry J. Tyler was charged by bill of information with one count of armed robbery and two counts of second-degree murder. He waived trial by jury. Evidence was heard on March 8 and 9, 1977. When the State and the defense rested, the trial judge took the case under advisement. On June 13, 1977 the trial judge rendered his judgment, finding defendant guilty as charged on the armed robbery count, not guilty of the first second-degree murder count, and guilty as charged of the second attempted second-degree murder count. Thereafter defendant was sentenced to serve twenty years in the custody of the Department of Corrections.
On this appeal the defendant asserts his right for appellate review of the record for “an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” La.Code Crim.Pro. art. 920. Although we find no errors warranting reversal of this conviction and sentence, the Court is concerned about the three-month delay between the taking of evidence and the announcement of the judgment. La.Code of Crim.Pro. art. 765. The judgment is a part of the “trial” in a bench trial just as the verdict is part of the “trial” in a jury trial. It appears doubtful that a criminal trial can properly be protracted over such a time span with a three-month interval between essential steps in the normal order of trial. Id. art. 765(8). Nevertheless, the law presumes the regularity of judicial proceedings. La.Rev.Stat. 15:432. Therefore, in the absence of an objection or a showing of prejudice, there is no ground for reversal of this conviction.
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs and assigns reasons.